UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARK ROBERTS, | ) | C/A No. 4:11-1756-RBH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| RONALDO MYERS, | ) | |
| UNITED STATES PAROLE COMMISSION[1], | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, Mark Roberts, a *pro se* prisoner, filed the instant petition for writ of mandamus

on July 21, 2011.[2] Respondent Myers filed a motion to dismiss on December 19, 2011. The

undersigned issued an Order filed December 27, 2011, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), advising Petitioner of the motion to dismiss and the possible consequences if

he failed to respond adequately. Petitioner filed a response in opposition. (Doc.# 34.).

On February 6, 1012, the United States Parole Commission filed a motion for summary

judgment. The undersigned issued an Order filed February 7, 2012, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment

---

[1] Petitioner provided USMS forms for the U.S. Parole Commission and the executed
return was filed with the court on December 14, 2011. Further, in the Commission's
memorandum, it states that "Ronaldo Myers is the Director of the Richland County Detention
Center. However, it appears that the real party in interest is the United States Parole
Commission." (Doc. # 48).

[2] This case was automatically referred to the undersigned United States Magistrate Judge
pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this
is a dispositive motion, this report and recommendation is entered for review by the district
judge.

procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition. (Doc.#47.). Petitioner also filed two motions for default judgment to which Respondent Myers responded.

## MOTION FOR DEFAULT JUDGMENT

Petitioner filed motions for default judgment as to Myers on December 29, 2011 (doc. #35) and on January 24, 2012 (doc. #40). Respondent Myers responded to both motions asserting that he timely filed an answer to the complaint. (Docs. # 38 and #45).

A review of the court's docket sheet reveals the Order authorizing service was entered on October 24, 2011. (Doc. #16). The docket sheet also reveals that Respondent Myers was served by the United States Marshal on November 28, 2011, making an answer due by December 19, 2011. Respondent Myers filed an answer and motion to dismiss on December 19, 2011 (Docs. #27 and #28). Accordingly, Respondent Myers filed a timely response. Therefore, it is recommended that Petitioner's motions for default judgment (docs. #35 and #40) be denied.

## MOTION TO DISMISS/SUMMARY JUDGMENT

Respondent Myers filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure asserting that he is the director of the Alvin S. Glenn Detention Center and should be dismissed from the case as there are no allegations against him in the pleadings and he does not have the authority to grant the relief sought by Petitioner if the court were to so order. In his response to the motion, Petitioner asserts that he named Myers as a respondent because "he is the custodian/warden of Petitioner . . . " (Doc. #34).

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may grant the relief only if there is no issue of fact and the moving party is entitled to judgment as a matter of law. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, all reasonable inferences are afforded to the non-moving party. See Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir.1993). If matters outside the pleadings are considered, the motion is converted to a motion for summary judgment pursuant to Rule 56. Fed.R.Civ.P. 12(c); Westpoint Ins. Corp. V. Albert, 2006 WL 3522500 (4th Cir.2006).

As matters outside of the pleadings have been submitted and considered in this action, the motion to dismiss is converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir.

1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

Petitioner named Myers, the Director of the Alvin S. Glenn Detention Center where Petitioner is housed, as the Respondent. In this petition, Petitioner challenges the United States Parole Commission's authority to lodge a detainer against him in violation of his due process rights because he has not been afforded a probable cause hearing regarding the placement of the detainer or the alleged violation of his parole. Myers asserts Petitioner has failed to allege any personal involvement on his part, that he is without authority to grant the relief requested in the complaint, and that he is "unable to enforce the relief requested if ultimately it were granted by the Court, as Defendant Myers has no authority over or connection to the United States Parole Commission."

(Doc. #28). [3]

Based on the above, it is recommended that summary judgment be granted as to Respondent Myers' (doc. # 28) as he has no personal involvement in this action and is unable to enforce relief if it were ultimately granted by the Court. The court will now address the U.S. Parole Commission's ("the Commission") Motion for Summary Judgment.

## ANALYSIS

### Background

On October 4, 1978, the Superior Court of the District of Columbia sentenced Petitioner to life in prison for murder and bank robbery. Petitioner was sentenced by a federal court in Florida in 1981 to twenty (20) years for bank robbery to run concurrently with a District of Columbia sentence. The Parole Commission granted Petitioner parole on November 26, 2007. (See Respondent's exhibit B). On August 9, 2010, Petitioner's U.S. Probation Officer in the District of South Carolina advised the Parole Commission that Petitioner had been arrested by the Columbia, South Carolina Police Department on May 14, 2010, for failing to stop on police command. (Respondent's exhibit C). On June 14, 2010, Petitioner was sentenced to time served. (Id.).

Subsequently, the U.S. Parole Commission was advised by the U.S. Probation Officer that Petitioner had been arrested in Columbia, South Carolina, on July 28, 2010, for armed robbery and assault and battery and was in state custody on these charges. (Id.). On October 15, 2010, the Parole

---

[3] In his memorandum, Myers requests that the Court compel the Federal Parole Commission to take action since he is not a proper party to a writ of mandamus. However, the United States Parole Commission filed a motion for summary judgment asserting that it is the real party in interest not Myers. (Doc.# 41).

Commission issued a warrant for the Petitioner which was sent to the U.S. Marshal, District of South Carolina, with instructions to "place a detainer and notify the Commission." (Respondent's exhibit D). Respondent asserts that as of the date of their filings, the Commission's warrant had not been executed. (Respondent's memorandum, p. 2). Petitioner is currently confined at the Alvin S. Glenn Detention Center

Petitioner asserts that he seeks "a hearing pursuant to 18 U.S.C. 4214(b) as to why his liberty-due process rights were not honored, and to have the detainer lifted." (Doc. #34). In his response to the motion for summary judgment, Petitioner argues that he seeks a probable cause hearing not his release or a revocation hearing.

**Discussion**

Petitioner filed this action as a petition for writ of mandamus. Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); United States v. Moussaoui, 333 F.3d 509, 516–17 (4th Cir.2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir.1988). Further, the party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Mallard v. U.S. Dist. Court, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); In re Braxton, 258 F.3d 250, 261 (4th Cir.2001).

This case appears to be a continuation of two previous cased filed by this Petitioner which

6

were summarily dismissed. United States District Judge R. Bryan Harwell previously held in

Roberts v. Myers, C/A No. 4:11-cv-514-RBH, 2011 WL 2149978 (D.S.C. May 27, 2011), a case

filed by this Petitioner, as follows:

> The United States Supreme Court has held that a federal parolee imprisoned for a federal crime committed while on parole is not entitled under the Constitution to a prompt parole revocation hearing when a warrant for violation of parole is issued and lodged with the federal institution of his confinement but has not been executed. Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). "[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." 429 U.S. at 87.FN4 The court in Moody did not address the situation where a federal parole violation warrant was lodged as a detainer with state authorities. Many courts have extended Moody to situations where federal detainers are filed with courts of other jurisdictions. See Heath v. United States, 788 F.2d 85, 90–91 (2nd Cir.1986) (collecting cases) ("These cases reason persuasively, as the Court did in Moody, that the detainer has no present or immediate effect upon protected liberty interests, since the detainer 'did no more than express [Commission's] intent to defer consideration of parole revocation to a later time'.") The Fourth Circuit has held that Moody controls where one state places a detainer against a prisoner in another state. Larson v. McKenzie, 554 F.2d 131 (4th Cir.1977).This Court finds that Moody also controls where, as in the case at bar, a federal detainer is placed against a prisoner in state custody. Therefore, due process is not violated by the failure to hold a parole hearing before execution of the parole violation warrant.
>
> Additionally, the right to a hearing within a specified number of days is a statutory requirement, not a constitutional one. Therefore, the proper remedy for requiring review of the detainer by the Parole Commission, in the absence of prejudice or bad faith, is a writ of mandamus and not a writ of habeas corpus, which is what Petitioner has filed here. See Anderson v. United States Parole Commission, 2002 WL 32332182 (D.S.C. June 21, 2002) at *2; Heath, 788 F.2d at 89, citing 122 Cong. Rec. S2572, 2573 (daily ed. March 2, 1976) (statement of Sen. Burdick: "If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly."); Sutherland v. McCall, 709 F.2d 730 (D.C.Cir.1983); and Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir.1982) ( "In the absence of prejudice or bad faith on the part of the Commission, immediate release from custody is not available for violation of 18 U.S.C.A. § 4214(b)(1) ... The appropriate remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute.")

Roberts, 2011 WL 2149978.

In the present case, Respondent asserts that the Commission instructed the U.S. Marshal on the reverse side of the warrant that the warrant was not to be executed if the parolee was being held in custody on new state or federal charges. (See Respondent's Exhibit D at 5). Respondent further asserts that the memorandum accompanying the warrant further instructed the Marshals to place a detainer and assume custody when Petitioner was released. Therefore, Respondent contends these instructions clearly communicated the Commission's intent to delay conducting the revocation hearing until the state charges had been resolved and any ensuing sentence completed. Therefore, the Commission asserts that any right to have this Court compel the Parole Commission to conduct a parole revocation hearing does not arise until the Commission's warrant has been executed.

In his response to the motion for summary judgment, Petitioner asserts that he does not seek a revocation hearing but seeks "to have the U.S. Parole Commission provide him with a hearing so that he can contest any and all allegation(s) used against him to support the detainer lodged against him." (Doc. #47). Petitioner asserts that a "probable cause hearing is the exact relief that the U.S. Parole Commission is obligated to do when D.C. Offenders are detained for possible violations." (Doc. #47 at 2).

Respondent replies to Petitioner's response and asserts that Petitioner's request for a probable cause hearing should be denied. Respondent argues that under the Parole Commission Regulations, the hearing to determine probable cause to believe that an offender has violated the conditions of parole, like the revocation hearing, is conducted after the offender has been returned to custody on the parole violation warrant. 28 C.F.R. 2.101(a). The United States Supreme Court held that the liberty of a parolee, though conditional, is an interest which is entitled to the protections of the Due Process Clause. Morrissey v. Brewer, 4078 U.S. 471, 482 (1972). Among the minimal

due process requirements identified by the court in <u>Morrissey</u> are notice of the alleged violations, a preliminary probable cause hearing as close in time as possible to the time the parolee is arrested for a parole violation, and an opportunity for a hearing prior to the final decision on revocation by the parole authority. <u>Id</u>. at 487-88. The Respondent asserts that for D.C. Code Offenders, when the parolee has been "retaken and held in custody" pursuant to a warrant issued by the Parole Commission, the probable cause hearing is to be conducted within 5 days of retaking. (Respondent's reply brief, p. 2). However, Respondent asserts that the Petitioner in this case was not retaken into custody pursuant to the Parole Commission's warrant so there is no requirement for a probable cause determination until he is retaken. In the memorandum in support of summary judgment, Respondent asserts that "[t]o date, the Commission's warrant has not been executed." (Respondent's brief, p. 2).

It is recommended that this petition for writ of mandamus be denied and Respondent U.S. Parole Commission's motion for summary judgment (doc. # 41) granted. Based on the record, the Commission's warrant has not been executed. Petitioner remains in state custody on state charges. As he has not been arrested on the Parole Commission's warrant or been retaken into federal custody on that warrant, there is no requirement for a probable cause determination. <u>See</u> <u>Moody v. Daggett</u>, <u>supra</u>, (an alleged parole violator is not entitled to a prompt hearing where the parole warrant is filed as a detainer at the institution where the alleged violator is being held). Neither the issuance of the parole violator warrant, nor the lodging of the detainer triggers the protections set forth in <u>Morrissey.</u> <u>See</u> <u>Moody</u>, <u>supra</u>. Petitioner has not presented extraordinary circumstances to warrant the drastic remedy of a writ of mandamus.


## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Myer's motion summary for judgment (doc.#28) be GRANTED, Respondent U.S. Parole Commission's motion for summary judgment (doc. # 41) be GRANTED, and Petitioner's petition for writ of mandamus be DENIED.

It is further RECOMMENDED that Petitioner's motions for default judgment (docs. #35 and #40) be DENIED and any other outstanding motions be deemed MOOT.


Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge


May 17, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**