IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARK ROBERTS, | ) | Civil Action No.: 4:11-cv-01756-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RONALDO MYERS, UNITED | ) | |
| STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing a petition for a writ of mandamus. Respondent Myers filed a motion to dismiss, and the Parole Commission filed a motion for summary judgment. Petitioner filed two motions for default judgment and a motion for summary judgment. The motions are before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondents' motions and deny Petitioner's petition *without prejudice*.

**Factual Background and Procedural History**

Petitioner, proceeding *pro se*, was convicted in 1979 of murder and bank robbery and sentenced in the District of Columbia to life imprisonment. Three years later, he was sentenced by a federal court in Florida to twenty years' imprisonment after another conviction of bank robbery. The sentence ran concurrently to his District of Columbia sentence. In November 2007, Petitioner was released on parole.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

In May 2010, Petitioner was arrested for failing to stop on a police command and was sentenced to time served. On July 28, 2010, he was arrested for armed robbery and assault and battery of a high and aggravated nature, and he was detained at the Alvin S. Glenn Detention Center in Richland County, South Carolina. The United States Parole Commission issued a warrant, instructing the United States Marshal as follows:

> The parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. Also if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.
>
> If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

ECF No. 41-4.

Petitioner filed a petition for a writ of habeas corpus, seeking a probable cause hearing to challenge the unexecuted violator warrant. This Court dismissed his petition *without prejudice*. Roberts v. Myers, No. 11-cv-00514 (D.S.C. May 27, 2011). Subsequently, Petitioner filed his petition for a writ of mandamus currently before the Court, raising the same issues. Pet., ECF No. 1. Respondent Myers, the jailer, filed a motion to dismiss, arguing he was not the proper party because he had no authority to carry out the relief Petitioner sought. Mot. to Dismiss, ECF No. 28. The Parole Commission filed a motion for summary judgment. Mot. for Summ. J., ECF No. 41. Additionally, Petitioner has filed several motions, including two motions for default judgment against Myers and a motion for summary judgment. ECF Nos. 35, 40, & 53. The Magistrate Judge issued his R&R on May 17, 2012, R&R, ECF No. 59, and Petitioner filed timely objections to the R&R, Pet'r's Objs., ECF No. 61.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommends granting Myers's motion to dismiss, granting the Parole Commission's motion for summary judgment, and denying Petitioner's motions for default judgment and his petition for writ of mandamus. All other motions, it was recommended, should be deemed moot. The Magistrate Judge concluded (1) that the Parole Commission, not Myers, was the proper party in interest; (2) that neither the issuance of the warrant nor the lodging of the detainer

triggered procedural due process protections; and (3) that Myers was not late in filing his motion to dismiss.

Petitioner raises three objections to the R&R. First, he contends United States Attorney William Nettles, not the Parole Commission, responded to his petition, and he objects to the fact the Magistrate Judge only refers to the Parole Commission as the party in interest. Second, he reiterates his argument in his motion for a default judgment that Myers's appearance to file his answer was one day late. Third, he argues that a District of Columbia parolee is entitled to a probable cause hearing if he has not been convicted of a new offense, pointing out that he has not yet been convicted of the charges for which he is detained.

The Court overrules Petitioner's first objection because the United States Attorney is authorized to represent the Parole Commission, a federal agency.[2] *See* 28 U.S.C. § 547(2) ("[E]ach United States attorney, within his district, shall . . . prosecute or defendant, for the Government, all civil actions, suits or proceedings in which the United States is concerned.").

As for Petitioner's objection regarding the Magistrate Judge's recommendation to deny his motions for default judgment, the Court finds no error. The period for filing responsive pleadings is twenty-one days, not twenty, as Petitioner argues. Fed. R. Civ. Pro 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Respondent Myers filed his answer and motion to dismiss on December 19, 2011—twenty-one days after November 28, 2011, the day he was served.

Turning to the final objection, the Court notes that it has already ruled on the issue before it. Indeed, it is mindful of the language of its previous order indicating a writ of mandamus is a more

---

[2] Moreover, Helen Krapels, Assistant General Counsel of the United States Parole Commission, is listed on the motion, and the motion indicates that the United States Attorney is appearing on behalf of the Parole Commission.

appropriate form of relief.  However, the Court also found that Petitioner had not yet been deprived of a liberty interest triggering the protection of the due process of law.  Given that finding, until Petitioner's circumstances change, the Court finds no basis to reconsider its prior ruling.

Petitioner is currently detained on state charges.  While those state charges may ultimately affect his parole, his current detention is independent of the warrant issued by the Parole Commission.  As the Court has already found and as the Magistrate Judge points out in his recommendation, the mere lodging of a detainer does not rise to a deprivation of a liberty interest.  It serves as notice to the jailer that Petitioner must ultimately answer to the Parole Commission.  Until Petitioner is in federal custody under the violator warrant, neither due process nor any other authority requires a probable cause hearing.  Petitioner presents no evidence he is in federal custody.

Furthermore, Petitioner grounds his objection on his interpretation of the warrant application attached to the Parole Commission's motion for summary judgment. Pet'r's Objs 3-4.  The relevant sentence reads: "If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you will be given a probable cause hearing within five days of your arrest." ECF No. 61-1.  The Court notes this sentence clearly assumes the parolee is "arrested on a violator warrant."  Here, Petitioner was arrested on state charges, not on the warrant issued by the Parole Commission, and the detainer lodged by the Parole Commission is not an arrest.  The language relied on by Petitioner is consistent with the Court's previous holding.  Therefore, considering its previous order, as well as the Magistrate Judge's reasoning in the R&R, the Court finds no error in the recommendation.

**Conclusion**

The Court has thoroughly analyzed the entire record, including the petition, the motions, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent Myers's motion to dismiss be **GRANTED**, that the Parole Commission's motion for summary judgment be **GRANTED**, that Petitioner's motions for default judgment be **DENIED**, and, thus, that Petitioner's petition for a writ of mandamus be **DISMISSED** *without prejudice*. All outstanding motions are deemed **MOOT**.

**IT IS SO ORDERED.**

                                                            s/ R. Bryan Harwell
                                                            R. Bryan Harwell
                                                            United States District Judge

June 5, 2012
Florence, SC